IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>    Plaintiff,<br><br>v.<br><br>MARILYN J. GREER, INDIVIDUALLY, AS INDEPENDENT EXECUTOR OF THE ESTATE OF MARILYN B. GREER, AND AS TRUSTEE OF THE MARILYN J. GREER TRUST; AND THE ESTATE OF WILLIAM J. GREER,<br><br>    Defendants. | § § § § § § § § § § § § § § § §<br><br>C.A. No. 4:19-cv-1834 |

## COMPLAINT FOR INTERPLEADER

Plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") files its Complaint for Interpleader against Marilyn J. Greer, individually, as independent executor of the Estate of Marilyn B. Greer, and as trustee of the Marilyn J. Greer Trust ("Marilyn J. Greer"); and the Estate of William J. Greer (collectively, "Defendants"), and states:

### I. PARTIES

1. **John Hancock.** John Hancock is a Michigan insurance corporation with its principal place of business in Boston, Massachusetts.

2. **Marilyn J. Greer.** Marilyn J. Greer is a citizen of Texas and may be served with citation at 3324 Parkwood Dr., Houston, Texas 77021.

---

**COMPLAINT FOR INTERPLEADER**                                                              **PAGE 1**

3. **The Estate of William J. Greer.** At this time, there is a pending probate proceeding related to the Estate of William J. Greer, but an executor or administrator has yet not been appointed. This Complaint will be amended once an executor or administrator is appointed by the probate court.

## II. JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. John Hancock is a citizen of Michigan and Massachusetts for diversity purposes, and Defendants are citizens of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as it is the judicial district in which one of the Defendants resides.

## III. OPERATIVE FACTS

6. **The Policy.** On February 22, 2008, John Hancock issued Life Insurance Policy No. 93 902 849 (the "Policy") insuring Marilyn B. Greer (the "Insured"), with a face amount of $350,000.00 (the "Death Benefit"). William J. Greer was the owner and designated beneficiary of the Policy. No secondary or contingent beneficiary was designated.

7. **Request for Change of Ownership by Marilyn J. Greer.** On or about October 8, 2013, Marilyn J. Greer sent a written request to John Hancock to name her as the owner of the Policy. In response, John Hancock sent a letter to William J. Greer informing him of such request and that a Change of Ownership form must be completed and returned. No such Change of Ownership form was received by John Hancock.

8. **Death of Wiliam J. Greer.** On or about August 4, 2017, William J. Greer died of natural causes. No other successor owner or beneficiary was named at the time of this death.

9. **Death of the Insured**. On or about April 15, 2018, the Insured died of natural causes.

10. **First Claim**. On or about May 14, 2018, a Statement of Claim for Death Benefits was submitted by Marilyn J. Greer, naming William J. Greer as the claimant of the death benefit proceeds (the "First Claim"). However, Marilyn J. Greer did not provide any documentation indicating she has been designated as the administrator or executor of the Estate of William J. Greer.

11. **Second Claim**. On or about July 24, 2018, a Statement of Claim for Death Benefits was submitted by Marilyn J. Greer, naming herself as trustee of her testamentary trust as the claimant of the death benefit proceeds (the "Second Claim"). However, Marilyn J. Greer did not provide any documentation indicating she has been designated as the trustee of any trust.

12. **Third Claim**. On or about August 21, 2018, a Statement of Claim for Death Benefits was submitted by Marilyn J. Greer, naming the Estate of the Insured as the claimant of the death benefit proceeds (the "Third Claim"). Marilyn J. Greer attached her letters testamentary, designating her as executor of the Estate of the Insured. She also attached a certification of trust, designating her as the trustee of the Marilyn J. Greer Trust. However, this certification of trust was not signed and executed until August 21, 2018, the same day the Third Claim was signed.

13. **Fourth Claim**. On or about April 11, 2019, a letter was sent to John Hancock by an attorney representing Marilyn J. Greer, asserting a claim to the Death Benefit by the Estate of the Insured. However, the letter also stated that pursuant to Section 1103.152(c) of the Texas Insurance Code, Marilyn J. Greer is the "only living relative" of the Insured, and that the Death Benefit should be paid to her if Texas law is followed.

14. **The Competing Claims.** The First Claim to the Death Benefit was made on behalf of the Estate of William J. Greer. Marilyn J. Greer made the Second Claim in her capacity as trustee of her testamentary trust, the Third Claim in her capacity as the executor of the Estate of the Insured, and the Fourth Claim both in her individual capacity and as executor of the Estate of the Insured. Aside from these claims, the Policy states that "[i]f no beneficiary is alive when the [Insured] dies, the Insurance Benefit will be payable to you; or if you are the life insured, to your estate." The Policy defines "you" as the owner of the Policy. As such, because William J. Greer, being the owner and beneficiary of the Policy, predeceased the Insured, the language of the Policy indicates the Death Benefit should be payable to the Estate of William J. Greer.

15. **Rival Claims.** Notwithstanding the foregoing, John Hancock has received notice of rival claims to the Death Benefit from the Defendants, namely Marilyn J. Greer (individually, as independent executor of the Estate of the Insured, and as trustee of the Marilyn J. Greer Trust) and from the Estate of William J. Greer. John Hancock admits liability for the Death Benefit. John Hancock has competing and conflicting claims as to entitlement of the Death Benefit, and has good faith doubt as to whom is entitled to the

Death Benefit. Therefore, John Hancock desires to tender or interplead the Death Benefit into the registry of the Court.

16.     **Notice of Interpleader.** To the extent the Defendants are identified, they are aware of the rival claims to the Death Benefit. The executor or administrator of the Estate of William J. Greer has not yet been designated, and the dispute has not otherwise been resolved, thus compelling John Hancock to bring this suit.

### IV. CAUSE OF ACTION

17.     **Interpleader.** John Hancock interpleads the Defendants pursuant to FED. R. CIV. P. 22 and 28 U.S.C. § 1335. John Hancock admits liability for the Death Benefit but requests that the Court adjudicate the conflicting and competing claims thereto, so that John Hancock will not be exposed to double or multiple liability. John Hancock agrees to tender to the Court or interplead the Death Benefit. John Hancock further requests that it be discharged from further liability to the Defendants, or anyone else under the Policy, and that it recover its reasonable attorneys' fees and costs incurred herein.

### V. REQUEST FOR RELIEF

18.     John Hancock respectfully requests the following relief:

(a)     That the Defendants be served with process and be required to answer in the time and manner prescribed by law;

(b)     That the Defendants be required to interplead and settle among themselves their rights and claims to the Death Benefit;

(c)     That the Court enter an order enjoining and restraining the Defendants from instituting or prosecuting any

        proceeding in any state or United States court affecting the Policy involved in this interpleader action;

(d)    That on final hearing, the Defendants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against John Hancock relating to the Policy;

(e)    That John Hancock be awarded its reasonable attorneys' fees and court costs in connection with the interpleader;

(f)    That John Hancock be fully and finally discharged from further liability to the Defendants, and all other persons claiming by, through, or under them; and

(g)    That this Court grant all such other and further relief, both general and special, at law and in equity, to which John Hancock may show itself justly entitled.

Dated: May 21, 2019

Respectfully submitted,

By: /s/ Andrew G. Jubinsky
Andrew G. Jubinsky
Attorney-in-Charge
State Bar No. 11043000
Fed. I.D. # 8603
andy.jubinsky@figdav.com
Raha Assadi
Texas Bar No. 24105444
Fed. I.D. No. 3265265
raha.assadi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – Telephone
(214) 939-2090 – Facsimile

ATTORNEYS FOR PLAINTIFF