IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MARILYN J. GREER, Individually, As Independent Executor of THE ESTATE OF MARILYN B. GREER, and As Trustee of THE MARILYN J. GREER TRUST; and THE ESTATE OF WILLIAM J. GREER, | § § § § § § § | CIVIL ACTION NO. H-19-1834 |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This action involves a dispute over the proceeds of a life insurance policy. John Hancock Life Insurance Company (U.S.A.) ("John Hancock") filed an interpleader naming Marilyn J. Greer ("Marilyn") and the Estate of William J. Greer, whose executor is Kevin Kennedy ("Kennedy"), as competing claimants.[1] Pending before the court are Marilyn J. Greer, Individually, as Independent Executrix of the Estate of Mary B. Greer, Deceased, and as Trustee of the Marilyn J. Greer Trust's Motion for Summary Judgment Against John Hancock Life Insurance Company (U.S.A.) for Declaratory

---

[1]Complaint for Interpleader, Docket Entry No. 1, pp. 1-2; Defendant's Original Answer, Docket Entry No. 20, p. 1. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

Judgment ("Marilyn's MSJ") [Docket Entry No. 41] and Defendant Kevin P. Kennedy's Motion for Summary Judgment ("Kennedy's MSJ") [Docket Entry No. 44]. For the reasons explained below, Marilyn's MSJ will be denied and Kennedy's MSJ will be granted.

### I.  Factual and Procedural Background

William J. Greer ("William") owned and was the sole named beneficiary of a life insurance policy ("the Policy") issued by John Hancock.[2] The Policy insured the life of his mother, Mary Greer ("Mary"), for $350,000.[3] William predeceased Mary on August 4, 2017.[4] On August 17, 2017, Marilyn, William's sister and Mary's daughter, paid the annual premium on the Policy with funds from a joint bank account in Mary, William, and Marilyn's names.[5] Mary died on April 15, 2018.[6] When Mary died the Policy was current but still named William as the owner and sole beneficiary.

In July and August of 2018 Marilyn submitted claims to John Hancock for the proceeds on behalf of Mary's estate, for which she

---

[2]Flexible Premium Adjustable Life Insurance Policy ("Insurance Contract"), Sealed Exhibit 2 to Kennedy's MSJ, Docket Entry No. 45-1, p. 4.

[3]Id. at 5.

[4]Certificate of Death of William James Greer, Sealed Exhibit 5 to Kennedy's MSJ, Docket Entry No. 45-4, p. 2.

[5]Bank of America Statement, Exhibit C to Marilyn's MSJ, Docket Entry No. 41-2, p. 61; 2017 Annual Premium Payment for Policy, Exhibit G to Marilyn's MSJ, Docket Entry No. 41-2, p. 72.

[6]Certificate of Death of Mary B. Greer, Sealed Exhibit 11 to Kennedy's MSJ, Docket Entry No. 45-6, p. 2.

is the executrix.[7] John Hancock declined to pay, responding that the Policy's proceeds were payable to William's estate because he was the Policy's owner and beneficiary.[8] William executed a will dated May 12, 2005, which was submitted to probate in January of 2019.[9] The will does not specifically devise insurance proceeds but devises the residual estate to St. Mary's University, the Boy Scouts of America (Local Chapters), and Incarnate Word University.[10]

On May 14, 2019, Marilyn filed a petition for a declaratory judgment in the Harris County Probate Court No. 3.[11] John Hancock removed the case to this court on June 13, 2019, and it was assigned Civil Action No. H-19-2132.[12] John Hancock filed this interpleader action on May 21, 2019, requesting that the court determine to whom the Policy's proceeds are due.[13] The removed

---

[7]July 24, 2018, Statement of Claim for Death Benefit, Sealed Exhibit 14 to Kennedy's MSJ, Docket Entry No. 45-9, pp. 4-6; August 21, 2018, Statement of Claim for Death Benefit, Sealed Exhibit 16 to Kennedy's MSJ, Docket Entry No. 45-11, pp. 2, 4.

[8]July 31, 2018, John Hancock Letter, Sealed Exhibit 15 to Kennedy's MSJ, Docket Entry No. 45-10, p. 2; August 29, 2018, John Hancock Letter, Sealed Exhibit 17 to Kennedy's MSJ, Docket Entry No. 45-12, p. 2.

[9]Last Will and Testament, Exhibit 7 to Kennedy's MSJ, Docket Entry No. 44-3, pp. 2, 7.

[10]Id. at 2 art. IV.

[11]Petition for Declaratory Judgment to Determine Beneficiary of Life Insurance Contract, Exhibit 24 to Kennedy's MSJ, Docket Entry No. 44-9, p. 2.

[12]Notice of Removal, Docket Entry No. 1 in Civil Action No. H-19-2132.

[13]Complaint for Interpleader, Docket Entry No. 1, pp. 1, 4-5.

action was consolidated with this action on July 11, 2019.[14] Marilyn and William's estate both claim a right to the insurance proceeds. After John Hancock disclaimed any right to a portion of the proceeds or attorney's fees, the court ordered John Hancock to pay the disputed proceeds plus interest, $354,435.32, into the court's registry and dismissed John Hancock from the action.[15]

On January 8, 2020, Marilyn moved for summary judgment that the Policy proceeds are due to her or Mary's estate.[16] On January 10, 2020, Kennedy moved for summary judgment that the proceeds are due to William's estate.[17] Kennedy responded to Marilyn's motion on January 29, 2020,[18] and Marilyn replied on February 4, 2020.[19]

---

[14]Order of Consolidation, Docket Entry No. 14, pp. 1-2.

[15]Order Granting Motion of Plaintiff John Hancock Life Insurance Company (U.S.A.) to Deposit Funds into Registry of Court and for Discharge from Suit, Docket Entry No. 53, pp. 1-2; see Opposed Motion of Plaintiff John Hancock Life Insurance Company (U.S.A.) to Deposit Funds into Registry of Court and for Discharge from Suit, Docket Entry No. 42, pp. 2-3, 6 (agreeing the benefit is due under the Policy and disclaiming any attorney's fees).

[16]Marilyn's MSJ, Docket Entry No. 41.

[17]Kennedy's MSJ, Docket Entry No. 44.

[18]Defendant Kevin P. Kennedy's Response to Marilyn J. Greer's Motion for Summary Judgment Against John Hancock Life Insurance Company (U.S.A.) ("Kennedy's Response"), Docket Entry No. 47.

[19]Rebuttal to the Estate of William J. Greer, Deceased's Response to Marilyn J. Greer, Individually, as Independent Executrix of the Estate of Mary B. Greer, Deceased, and as Trustee of the Marilyn J. Greer Trust's Motion for Summary Judgment ("Marilyn's Reply"), Docket Entry No. 48.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. Id., see also Matsuhita Electric Industrial Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

## III. Analysis

The parties agree that the relevant facts are not in dispute and contest only the legal question of to whom the Policy's proceeds are payable under the contract and Texas law.

The Policy is a contract governed by Texas law.[20] Section 16 of the Policy states that when the insured dies, the insurance benefit is payable:

> (a) to any primary beneficiaries who are alive when the life insured dies; or
>
> (b) if no primary beneficiary is then alive, to any secondary beneficiaries who are then alive; or
>
> (c) if no primary or secondary beneficiary is then alive, to any final beneficiaries who are then alive.
>
> . . .
>
> . . . If no beneficiary is alive when the life insured dies, the Insurance Benefit will be payable to you; or if you are the life insured, to your estate.[21]

"You" and "your" refer to the owner of the Policy, William.[22] The parties disagree about whether Marilyn is a final beneficiary and whether ownership of the Policy passed to William's estate upon his death.

Marilyn argues that although the Policy does not designate any final beneficiaries, Texas law defines her as one.[23] She argues that because the Policy does not specifically define "final beneficiary," the court should refer to the Texas law of intestate

---

[20]Insurance Contract, Sealed Exhibit 2 to Kennedy's MSJ, Docket Entry No. 45-1, p. 4.

[21]Id. at 26.

[22]Id. at 2, 4.

[23]Marilyn's MSJ, Docket Entry No. 41, pp. 7-8 ¶ 7.

inheritance to determine who is a final beneficiary.[24] But the court's analysis of the Policy is limited to the four corners of the contract unless a provision is ambiguous. See State Farm Lloyds v. Page, 315 S.W.3d 525, 527 (Tex. 2010) (citing Houston Lighting & Power Co. v. Tenn-Tex Alloy & Chemical Corp., 400 S.W.2d 296, 300 (Tex. 1966). A policy term is ambiguous if it is subject to two or more reasonable interpretations. State Farm Lloyds, 315 S.W.3d at 527. The Policy refers to final beneficiaries under a heading labeled "**Beneficiary Classification**," which states that "[the owner] can appoint beneficiaries for the Insurance Benefit in three classes: primary, secondary, and final. Beneficiaries in the same class will share equally in the Insurance Benefit payable to them."[25] This provision leaves no doubt that "final beneficiaries" are simply a class of appointed beneficiaries. The court is therefore not persuaded by Marilyn's argument that the court should look beyond the four corners of the contract to define final beneficiary.

Marilyn also argues that Texas law entitles her to receive the proceeds because there is no living named beneficiary under the Policy.[26] She relies on § 1103.152(c) of the Texas Insurance Code, which states: "If there is not a contingent beneficiary entitled

---

[24] See id. (citing Tex. Est. Code § 201.001).

[25] Insurance Contract, Sealed Exhibit 2 to Kennedy's MSJ, Docket Entry No. 45-1, p. 26.

[26] Marilyn's MSJ, Docket Entry No. 41, p. 5 ¶ 3.

to receive the proceeds of a life insurance policy or contract <u>under Subsection (a)</u>, the nearest relative of the insured is entitled to receive those proceeds." Tex. Ins. Code § 1103.152(c) (emphasis added). Section 1103.152(a) states: "[I]f a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract <u>under Section 1103.151,</u> a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract." Tex. Ins. Code § 1103.152(a) (emphasis added). Section 1103.151 is commonly known as the Texas "slayer statute." It states that "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in wilfully bringing about the death of the insured." Tex. Ins. Code § 1103.151. Section 1103.152 refers to and applies only if the slayer statute applies. Because no party has suggested that William willfully brought about Mary's death and thus forfeited his right to the insurance proceeds, § 1103.152(c) is inapplicable.

Because the parties agree there were no living appointed beneficiaries under the Policy at the time of Mary's death, the provision that the proceeds will be paid to the Policy owner controls. Kennedy argues that the Policy proceeds should therefore be paid to William's estate.[27] Marilyn argues that William's

---

[27]Kennedy's MSJ, Docket Entry No. 44, pp. 9-10 ¶¶ 28-29.

interest in the future proceeds under the Policy cannot have passed to his estate and that his estate's interest is limited to the value of the Policy if it had been surrendered on the day of his death — $0.[28] Tex. Est. Code § 22.012 defines an estate to mean "decedent's property" regardless of how that property exists, changes, is augmented, or is diminished. "Property" includes "real and personal property." Tex. Gov't Code § 311.005(4). The right to receive insurance proceeds payable at a future but uncertain date is a type of property known as a chose in action. <u>Brown v. Lee</u>, 371 S.W.2d 694, 696 (Tex. 1963); <u>see also Chose in Action</u>, <u>Black's Law Dictionary</u> (10th ed. 2014). The Estates Code states that a chose in action is personal property. Tex. Est. Code § 22.028. As such, William's interest in the insurance proceeds as the owner of the Policy - a chose in action - is property that survived his death and became part of his estate.

Finally, Marilyn argues that "equity requires" that she be awarded the Policy because it was intended to cover taxes on Mary's estate, and the Policy would have lapsed but for Marilyn's paying the premium in August of 2017. But Marilyn has not identified any principle of equity that would entitle her to all of the Policy's proceeds under the facts presented to the court.

The court concludes that the Policy's proceeds are payable to William's estate and that Marilyn and Mary's estate have no legal

---

[28]Marilyn's MSJ, Docket Entry No. 41, p. 7 ¶ 6, p. 8 ¶¶ 8-9.

or equitable claim to them. Accordingly, Marilyn's MSJ will be denied, Kennedy's MSJ will be granted, and the court will order the proceeds be paid to William's estate.[29]

## IV. Conclusion and Order

For the reasons explained above, Marilyn J. Greer, Individually, as Independent Executrix of the Estate of Mary B. Greer, Deceased, and as Trustee of the Marilyn J. Greer Trust's Motion for Summary Judgment Against John Hancock Life Insurance Company (U.S.A.) for Declaratory Judgment [Docket Entry No. 41] is **DENIED**; and Defendant Kevin P. Kennedy's Motion for Summary Judgment [Docket Entry No. 44] is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 23rd day of June, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[29]Although Kennedy states in paragraph 18 of his Response (Docket Entry No. 47, p. 7) that "all costs and attorneys' fees for all parties should be taxed to Marilyn, individually," he does not seek attorneys' fees in his MSJ and nowhere explains why he would be entitled to recover attorneys' fees. Therefore, none will be awarded to him.